IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ROBYN WAGNER, GUILLERMO HURCHES,
JOSEPH JANUSZ, ANITA MCPETERS,
THOMAS BOGLE, & CLEO CRAVENS,**

**Plaintiffs,**

**vs.**

**MERCK & CO., INC., CAREMARK ILLINOIS
MAIL PHARMACY, LLC, DAHNCKE PHARMACY,
INC., WAL-MART STORES EAST, LP, & WAL-MART STORES
EAST, INC.,**

**Defendants.**                                        **No. 05-CV-00364-DRH**

<u>**MEMORANDUM & ORDER**</u>

**HERNDON, District Judge:**

I. <u>**Introduction**</u>

Plaintiffs Robyn Wagner, Guillermo Hurches, Joseph Janusz, Anita McPeters, Thomas Bogle, and Cleo Craven filed their 11-count complaint against Merck & Co., Inc., Caremark Illinois Mail Pharmacy, LLC, Dahncke Pharmacy, Inc., Wal-Mart Stores East, LP, and Wal-Mart Stores East, Inc., in the Circuit Court of St. Clair County, Illinois, on April 12, 2005 (**Doc. 2, Compl.**).  Plaintiffs seek damages for personal injuries and economic damages suffered as a result of taking the drug VIOXX®, asserting that "Vioxx is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use." (***Id.* at ¶ 8**).  Plaintiffs maintain there is no federal subject matter jurisdiction (***Id.* at ¶ 43**).

On May 20, 2005, Merck removed the case to federal court based on the Court's diversity jurisdiction, **28 U.S.C. §§ 1332, 1441, & 1446 (Doc. 1, Notice of Removal)**.[1]  Merck asserts the action is properly removed to federal court because (1) the non-diverse pharmacy Defendants are fraudulently joined; and (2) Plaintiffs are fraudulently misjoined (***Id.* at ¶ 1**).  Merck argues that "at the very least" the Court should sever Plaintiffs' claims and exercise jurisdiction over Plaintiffs who assert claims only against diverse Defendants (***Id.***).

Now before the Court is Merck's Motion to Stay All Proceedings **(Doc. 6)**.[2]  Plaintiffs oppose Merck's motion **(Doc. 27)**.  For the reasons set forth below, the Court grants Merck's motion and stays all proceedings in this action pending its likely transfer to the MDL proceeding that has been established in the Eastern District of Louisiana.

## II.  Analysis

The power to stay a case is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  ***See Landis v. North American Co., 299 U.S. 248, 254 (1936)***.  In considering a motion for stay, courts consider both

---

[1] All other Defendants have consented to removal **(Docs. 8, 12, 17, & 24)**.

[2] Also pending before the Court are Merck's Motion to Sever **(Doc. 4)**, Defendant Dahncke Pharmacy, Inc.'s Motion to Dismiss **(Doc. 9)**, Defendants Wal-Mart Stores East, LP and Wal-Mart Stores East, Inc.'s Motion to Dismiss **(Doc. 18)**, Defendant Caremark Illinois Mail Pharmacy, LLC's Motion to Dismiss Pursuant to FRCP 12(b)(6) **(Doc. 25)**, and Plaintiffs' Motion to Remand **(Doc. 32)**.

the interest of judicial economy and the potential prejudice or hardship to the parties. ***See Bd. of Trs. of the Teachers' Ret. Sys. of the State of Ill. v. WorldCom, Inc.,* 244 F. Supp.2d 900, 905-06 (N.D. Ill. 2002)(Gottschall, J.)**. A district court may stay proceedings even where subject matter is uncertain. ***See id.* at 902**.

Merck moves the Court to stay all proceedings in this action pending its likely transfer to ***In re VIOXX Products Liab. Litig.,* No. 1657**, in the Eastern District of Louisiana. Merck draws the Court's attention to the MDL Panel's specific finding that "[t]he pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings" and that motions to remand in "MDL-1657 actions can be presented to and decided by the transferee judge" **(Doc. 6, Ex. 1, p. 2)**. Merck argues that judicial economy mandates a stay because of the overlapping factual issues and similar legal theories that exist in the VIOXX® cases currently pending in federal court, asserting that much work would be needlessly duplicated if pretrial proceedings and discovery continued to go forward notwithstanding the JPML's Transfer Order. Merck further asserts that if the Court were not to issue a stay, it would be making rulings that would likely be reconsidered after coordination. Finally, Merck argues that without a stay it would be unnecessarily prejudiced by duplicative discovery and motion practice while Plaintiffs would suffer minimal or no prejudice.

Plaintiffs argue that Merck's motion to stay should be denied and the

Court should rule on Plaintiffs' motion to remand prior to ruling on Defendants' motion to stay[3], directing the Court's attention to two cases where Chief Judge Murphy remanded VIOXX®-related cases after considering the issue of fraudulent joinder of non-diverse Illinois pharmacies.  ***See McQuay v. Merck & Co.,*** **No. 05-CV-038-GPM, Mem. & Order dated Feb. 17, 2005 (Ex. 1);** ***Brame v. Merck & Co., Inc.,*** **No. 05-CV-34-GPM, Mem. & Order dated Feb. 17, 2005 (Ex. 2)**. Plaintiffs point out that the Court is allowed to conduct pretrial proceedings, including the consideration of and ruling upon Plaintiffs' motion to remand, pending a determination of whether an MDL will be established.  Plaintiffs further argue that judicial economy weighs in favor of ruling on the motion to remand prior to consideration of the motion to stay.  Plaintiffs assert that they will be severely prejudiced if Merck's motion to stay is granted because they have suffered serious injuries, and if the "Motion to Stay is granted, and years from now the case is ultimately remanded, plaintiffs will have waited years before they are allowed to pursue their legal claims against Defendants in state court where this action belongs" **(Doc. 27, Pls.' Mem. In Opp. To Merck's Mot. To Stay at pp. 1-2, 6)**.

After carefully considering the arguments made by the parties, the Court finds a stay appropriate.  First, judicial economy weighs in favor of granting a stay. As Merck points out, 600 VIOXX®-related cases have now been stayed, including

---

[3]Not until a few days ago did Plaintiffs file their motion to remand even though they state in their brief in opposition to Merck's motion to stay that they "have filed" their motion to remand and memorandum in support **(Doc. 27, Pls.' Mem. In Opp. To Merck's Motion to Stay at p. 5)**.

more than 70 cases with pending motions to remand (**Doc. 28, Def. Merck's Reply Mem. In Support of its Mot. To Stay at pp. 1-2**).  Thus, it is almost certain that the transferee court will hear and decide many of the same issues Plaintiffs ask this Court to tackle in ruling on their motion to remand.  Second, the Court finds that while Plaintiffs might well be subjected to some delay as a result of the issuance of a stay, that prejudice does not outweigh the judicial economy interests.  In short, on balance, the Court believe that the interest of judicial economy and the threat of inconsistent rulings outweigh the prejudice to Plaintiffs.

### III.  Conclusion

In sum, the Court **GRANTS** Defendant Merck & Co., Inc.'s Motion to Stay All Proceedings and **STAYS** all proceedings in this action pending its likely transfer to the MDL proceeding that has been established in the Eastern District of Louisiana.

**IT IS SO ORDERED.**

Signed this 21st day of June, 2005.

/s/    David RHerndon_____
**United States District Judge**

-5-